Tilghman C.'J.
delivered the opinion of the Court.
This was an action of debt on a bohd/ The defendant pleaded payment, with leave to give the special matter in evidence. On the trial of the cause, the plaintiff gave the bond in evidence, and proved that it was given in consideration of two tracts of land, sold by him to the defendant. *179 The defendant then gave in evidence, certain articles of agreement between the plaintiff and him, by which the plaintiff, in consideration of 1550 pounds, to be paid to him by the . defendant, at the times and in the manner specified in the said articles, agreed to grant, bargain, and sell to the defendant a tract of land, described in the said articles, containing. 226# acres, and also a right of 25 «eres, described in the said articles: And it was also, agreed, that the plaintiff should give to the defendant, a good and lawful deed out of the land-office, for the tract of 226# acres. Moreover, the plaintiff covenanted with the defendant, to'give him possession of the premises, and to deliver to - him a proper, and sufficient:, deed from under his hand and seal; and the defendant covenanted, that, upon the receipt of the said deed, he would give and deliver to the plaintiff, his obligation for the consideration money aforesaid. Having given'these articles of agreement in evidence, the defendant offered to prove, by parol evidence, “ that, at and immediately before the execution of the said articles, the-plaintiff shewed to him the said tract of 25 acres, as his land, and told him, that he had a warrant for the same, and a survey executed thereon, but that it was not patented ; that his title was good, and the said land was not claimed by any other person.” And the defendant also offered to prove, bv parol evidence, “ that, both •before and since the commencement of this suit, the plaintiff declared, that he knew that the title to the said 25 acres .of land, was in a certain Michael D'eibler, from whom he would purchase the saíne, and convey it to the defendant, in order to perfect his contract.” And the defendant also offered to give in evidence, a patent from the Commonwealth to thfe said Deibler, for certain lands, in which the said-25 acres were included. To. all this evidence, the-counsel for the plaintiff objected, and the Court rejected it; whereupon, the counsel for the defendant excepted to the opinion. of the Court.
It is the settled practice of our Courts, to admit evidence to shew, that the consideration of a bond had failed, in whole, or in part. The consideration of the bonds given by the- defendant to the plaintiff, was land sold by. the plaintiff to the defendant; for which, the plaintiff was to give a proper and sufficient deed. That deed, as I understand the ar *180 tides of agreement, was to comprehend both tracts of land, neither of which was patented; besides which, the plaintiff’ was to be at the expense of procuring a patent for the larger tract. He was not bound to procure a patent for the smaller tract, but I apprehend, that the right of the plaintiff to that tract, was to be such, that the defendant, with due diligence, might be able to procure a patent for it. . The defendant, therefore, might give any evidence, which shewed, that the right was not in the plaintiff, but another person; —such was the patent to Deibler, and the confession of the plaintiff, that the right was in Deibler. I. think too, that the confession of the plaintiff, that, at the time of sale, he knew the title to_ be in Deibler, might be given in evidence, for it was very fraudulent conduct. Even if there was no warranty of the title of the 25 acres, it-was competent to the defendant, to shew, at any time before he had paid for them, that the title was in another person. And as the situation of these 25 acres might be a very material circumstance, with respect to the larger tract, the defendant might certainly be permitted to prove, in what situation-the plaintiff represented them to lie. It-has been asserted, in the argument, that they were situated just above the larger tract, and commanded a stream of water, from which the larger tract derived its chief value. Be that as it may, I am of opinion, that the evidence, offered by the defendant, was improperly rejected; because it tended to prove fraud in the plaintiff, and a want of title to part of the land. The judgment should therefore be reversed, and a venire facias de novo awarded.
Judgment reversed, and ayenire facias de novo awarded.